HLD-125 (April 2010)                               NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4465
_____

PURNELL R. NELSON,
                                              Appellant
v.

KENNETH A. RAPP,
Public Defender, Dauphin County
Public Defender's Office

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-02011)
District Judge:  Honorable William W. Caldwell

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2010
Before:  SCIRICA, WEIS and GARTH, Circuit Judges
(Opinion filed : May 24, 2010)

_____

OPINION
_____

PER CURIAM.

        Purnell R. Nelson appeals from the order of the United States District Court

for the Middle District of Pennsylvania dismissing his civil rights action.  Nelson is an

1

inmate of the Dauphin County Prison. He filed his complaint pursuant to 42 U.S.C.

§ 1983 against Kenneth A. Rapp, the Public Defender of Dauphin County. The District

Court's memorandum sets forth the allegations of the complaint, so we revisit them in

summary only. Nelson alleged that his constitutional rights were violated in relation to

proceedings in two criminal matters in the Dauphin County Court of Common Pleas.

More specifically, according to Nelson, he was arraigned via videoconference, his request

for attorney representation was denied, and he was coerced into pleading guilty to the

charges. Nelson alleged that he suffered mental anguish, for which he has undergone

psychological treatment, as a result of the defendant's malpractice and incompetence.

Further, he asserted that the defendant acted outside the scope of his duties by failing to

appear in court, and that the defendant's unethical behavior violated his constitutional

rights. As relief, Nelson sought $1 million in compensatory damages and the same

amount in punitive damages, and he also sought the injunctive relief of halting the

violation of his constitutional rights.

Nelson was granted in forma pauperis status in District Court. The District

Court dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a

claim upon which relief may be granted. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Upon consideration of

the record, we will affirm. As noted by the District Court, a public defender does not act

"under color of state law" and is not liable under section 1983 when performing a

lawyer's traditional functions as defense counsel.  <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981).  Despite Nelson's assertion that the defendant was acting outside of the scope of his professional duties, the conduct alleged here falls within defense counsel's traditional functions.  Thus, Nelson's allegations fail to state a claim under section 1983.

Accordingly, for essentially the same reasons as those set forth by the District Court in its memorandum, we will affirm.  Nelson's motion for appointment of counsel is denied.